NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2015[*]
Decided June 26, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3780

| | |
|---|---|
| DENNIS TONN,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>MICHAEL A. DITTMANN, et al.,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 14-cv-481-jdp<br><br>James D. Peterson,<br>*Judge*. |

**O R D E R**

After prison officials found Dennis Tonn, a Wisconsin inmate, guilty of misusing medication, they disciplined him with segregation and ordered him to pay $1,350 in restitution. He later sued them under 42 U.S.C. § 1983, alleging that the two sanctions violated his due-process and double-jeopardy rights. (He has dropped the double-jeopardy claim, so we say nothing more about it.) The district court screened the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. Because Tonn adequately alleged that the restitution order was not supported by any evidence, we vacate the dismissal of Tonn's due-process claim, but otherwise affirm the judgment.

We review the dismissal of Tonn's complaint de novo, taking all allegations in his complaint as true. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Tonn, an inmate at Columbia Correctional Institution, was found possessing prescription medication not prescribed to him. Based in part on lab tests of those drugs, in July 2013 the prison's disciplinary committee found Tonn "guilty of misuse of prescription medication" that "was not prescribed to inmate Tonn." *See* WIS. ADMIN CODE § DOC 303.58(3). The committee imposed two punishments—90 days' disciplinary segregation, and to "allow the institution recompense for funds lost because of inmate actions," restitution of $1,350.00.

Tonn contends that prison officials offered no evidence of "lost" funds of $1,350.00, so the restitution order violates due process.

At screening the district court dismissed the due-process claim. It assumed that Tonn had a property interest in his prison funds, but ruled that, before the prison ordered restitution from those funds, Tonn received procedural due process because he had no right to see the evidence of the prison's costs. The court added that, even if, as Tonn alleged, the prison "imposed a randomly selected outrageous restitution amount," post-deprivation procedures were adequate to satisfy due process.

Tonn advances two arguments on appeal, but only his first has merit. He argues that the district court erroneously dismissed his claim that, because the restitution amount was based on no evidence, the order violated due process. Due process requires that before prison officials deprive a prisoner of a protected interest, they produce "some evidence" of conduct that authorizes the deprivation. *See Superintendent Mass. Corr. Inst. Wallpole v. Hill*, 472 U.S. 445, 447 (1985); *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). The due-process reasoning of *Hill* extends to protect the property interest that prisoners have in the cash of their personal accounts. *See Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986); *Burns v. Pa. Dep't of Corr.*, 544 F.3d 279, 286 (3d Cir. 2008); *Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir. 1997). Wisconsin law specifically protects a prisoner's funds by limiting restitution orders to "actual" or "estimated" loss to the prison:

> Full or partial restitution maybe imposed as a penalty. Restitution is payment to reimburse any person or organization which has incurred expenses or sustained loss by reason of the inmate's violation . . . When the

> amount of restitution is unknown at the time of the hearing, the hearing officer may impose an estimated maximum restitution amount. If the actual amount of restitution is less than the estimated amount, only the actual amount shall be assessed. Restitution may not exceed the estimated amount.

WIS. ADMIN CODE § DOC 303.70(7). Tonn thus has a protected interest in his funds to the extent that they are not needed to reimburse the prison for expenses that it has incurred or, by estimate, may incur because of his rule violation. But, according to Tonn, prison officials deprived him of $1,350.00 of his personal funds even though they submitted to a hearing officer no evidence of any actual or estimated losses arising from his violation. His allegations may be refuted when a record is developed, but at this early stage they are sufficient to state a due-process claim.

We disagree with the district court's two reasons for rejecting this claim. First, it viewed Tonn's due-process claim as asserting a right to *see* the evidence of costs, but he contends only that the hearing was devoid of such evidence, which *Hill* forbids. *See Hill*, 472 U.S. at 447. Second, it incorrectly thought that the availability of a post-deprivation hearing remedied any due-process violation. A post-deprivation remedy may be appropriate when a pre-deprivation hearing is impractical. *See Armstrong v. Daily*, No. 13-3424, 2015 WL 2182942 at *12–*16 (7th Cir. May 11, 2015). But here Tonn had a pre-deprivation hearing—his prison disciplinary hearing—and at *that* hearing the prison could have but allegedly did not supply any evidence to support the restitution order.

Tonn's remaining argument is easily dispatched. He argues that his disciplinary conviction (as distinct from the punishment) was invalid because, based on the disciplinary report attached to his appellate brief, he was convicted under a provision—WIS. ADMIN. CODE § DOC 303.57(3)—that does not exist. Tonn's complaint does not raise this claim, so it is arguably forfeited, but the claim does not warrant relief anyway. Tonn is correct that no section 303.57(3) appears in the Wisconsin Administrative Code, but his disciplinary report states that Tonn possessed and misused prescription medication not prescribed to him, which *is* a violation of Wisconsin law. *See* WIS. ADMIN. CODE § DOC 303.58(3). Even if the conduct report contains a typographical error referring to section 303.57 instead of 303.58, its finding of guilt was supported by some evidence (lab test results) and the Wisconsin Code. It is therefore valid. *See Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Accordingly, we VACATE the dismissal of the due-process claim with respect to restitution order and REMAND it. In all other respects we AFFIRM the district court's judgment.